Filed 1/11/24  Arnold v. Medal CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROLAND ARNOLD,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ERICK JASON MEDAL,<br><br>　　　Defendant and Appellant. | B323743<br><br>(Los Angeles County Super. Ct. No. BQ048027) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Affirmed.

　　　Erick Jason Medal, in pro. per., for Defendant and Appellant.

　　　Roland Arnold, in pro. per., for Plaintiff and Respondent.

_____

Roland Arnold sought a domestic violence restraining order against Erick Jason Medal, whom Arnold once dated, alleging that Medal persistently harassed him for a decade. The trial court issued a restraining order and later renewed the restraining order. Medal moved to terminate or modify the restraining order, and the trial court denied Medal's motion. On appeal, Medal contends the trial court applied an incorrect legal standard in denying his motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2015, Arnold filed a request for a domestic violence restraining order against Medal. In a declaration in support of his request, Arnold stated that he and Medal had dated on and off for several years until 2005. After they broke up Medal subjected Arnold to 10 years of threats and abuse online and by telephone, including by making threats against Arnold and Arnold's family, and engaging in "constant intimidation and surveillance." In 2014, Arnold obtained a restraining order against Medal. After the first restraining order expired, in March 2015, Medal again approached Arnold and harassed him outside his apartment. This caused Arnold to believe he needed a restraining order to protect himself.

The trial court issued a temporary restraining order on March 9, 2015, and on March 30, 2015, it issued a one-year restraining order pursuant to the Domestic Violence Prevention Act, Family Code section 6200 et seq. The March 30 order required, among other things, that Medal stay at least 100 yards away from Arnold and Arnold's home and refrain from harassing, threatening, following, stalking, keeping under surveillance,

2

impersonating, or contacting Arnold.[1] In April 2016, the court renewed the restraining order for an additional five years.

In March 2021, Arnold filed a request to renew the restraining order permanently. He alleged that Medal continued to harass him and that he had violated the restraining order, including by following Arnold, attempting to contact Arnold online and by telephone, attempting to hack Arnold's online accounts, and having individuals sit outside Arnold's home to watch and take photos of him. Arnold stated a criminal case had been filed against Medal and in 2017, as a result of a guilty plea, the criminal court had ordered Medal to pay a fine, complete 36 months of probation, perform community service, and complete a 52-week domestic violence class.

On April 26, 2021, the trial court granted Arnold's request and ordered that the restraining order remain in effect permanently. In August 2021, Medal, represented by counsel, moved to set aside the renewed restraining order. After hearing testimony on the issue, the court denied Medal's motion.

---

[1] We augment the record on our own motion to include Arnold's March 9, 2015 request for domestic violence restraining order against Medal; the March 9, 2015 temporary restraining order against Medal; the March 30, 2015 restraining order against Medal; the April 2016 order to renew the domestic violence restraining order; Arnold's March 11, 2021 request to renew the restraining order permanently; the court's April 26, 2021 order to renew the domestic violence restraining order permanently; Medal's August 23, 2021 notice of motion and motion to set aside the permanent restraining order; and Medal's June 21, 2022 motion to terminate or modify the permanent restraining order. (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

In June 2022, Medal filed a motion to terminate or modify the permanent restraining order. Relying on *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495 (*Loeffler*), Medal contended that his motion to terminate was governed by Code of Civil Procedure section 533,[2] which provides that a court may terminate an injunction "upon a showing that there has been a material change in the facts upon which the injunction or temporary restraining order was granted, that the law upon which the injunction or temporary restraining order was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction or temporary restraining order."

Medal argued there had been a material change in facts and justice would be served by terminating or modifying the restraining order. Medal supported his argument with a variety of assertions, including that he had no communication with Arnold outside of court for five years; he had moved and did not live near Arnold; there was no allegation of violence or in-person contact; he had completed 10 days of community service, 52 weeks of domestic violence courses, and 36 months of probation; his criminal conviction for violating the restraining order had been set aside and dismissed pursuant to Penal Code section 1203.4;[3] and, although he had been a substitute dance

---

[2]     Statutory references are to this code unless otherwise stated.

[3]     Penal Code section 1203.4 provides in part for a court to allow a defendant to withdraw a plea of guilty and for the court to dismiss the accusations or information against the defendant

teacher prior to the restraining order, he could not secure employment as a teacher because of the restraining order.

Medal's motion was called for hearing on August 31, 2022, with Medal, Medal's attorney, and Arnold present. After hearing the testimony of Arnold and the arguments presented by Arnold and Medal's counsel, the trial court denied the motion. The court stated that there was no material change of facts or law and it would not be in the interest of justice to grant the relief Medal requested. Medal filed a timely notice of appeal.[4]

## DISCUSSION

Medal contends that the trial court applied an incorrect standard in ruling on his motion to terminate the restraining order. Although Medal argued in the trial court that *Loeffler*, *supra*, 174 Cal.App.4th 1495 compelled the court to apply the section 533 standard to his motion to terminate the domestic violence restraining order,[5] Medal argues the opposite on appeal. Specifically, he contends that the court erred by applying the section 533 standard, that *Loeffler*, *supra*, 174 Cal.App.4th 1495 is wrongly decided to the extent that it limits the court's discretion to consider only the section 533 factors, and that the

---

when, among other grounds, the defendant "has fulfilled the conditions of probation for the entire period of probation."

[4] On November 14, 2023, Arnold filed a California Rules of Court, rule 8.224 application for transmittal of exhibits. Because Arnold's application refers to exhibits not necessary for disposition of this appeal, we deny it.

[5] A domestic violence restraining order is "'a type of injunction.'" (*In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255; accord, *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 511.)

court should instead have applied the standard articulated in *Yost v. Forestiere* (2020) 51 Cal.App.5th 509 (*Yost*), which permits a court examining a motion to terminate a civil harassment restraining order to consider factors beyond those set forth in section 533.

Any error in the standard applied by the trial court was invited by Medal, and Medal forfeited his contention that a different standard applies by failing to raise that argument in the trial court. (See, e.g., *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 ["'[w]here a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal"]; *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 70 [same]; see also, e.g., *Cornell v. Berkeley Tennis Club* (2017) 18 Cal.App.5th 908, 944 ["'[a] party may not for the first time on appeal change its theory of relief'"]; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226 ["CalFarm failed to raise this argument in the trial court and thus forfeits that argument here"].)

Even if Medal had not forfeited the argument, and even if he is correct that *Yost*, *supra*, 51 Cal.App.5th at page 527 requires a court to consider grounds outside the section 533 criteria "on a case-by-case basis," he fails to show that the trial court applied a standard that is contrary to *Yost*.

Medal argues that under *Yost* the court's discretion whether to terminate a restraining order "includes, *but is not limited to*, the three grounds articulated in . . . section [533]." True, but in *Yost*, the appellant had "argued below that a trial court's discretion to modify a civil harassment restraining order is not limited to the grounds set forth in section 533," and the trial court had rejected that contention and refused to consider

6

the additional grounds for termination proposed by the appellant. (*Yost*, *supra*, 51 Cal.App.5th at pp. 524, 528-529.) The court of appeal reversed, holding that the trial court inappropriately limited its consideration of arguments that bear on the appropriateness of the continued restraining order. (*Id.* at pp. 528-529.) Here, in contrast, Medal did not argue to the trial court that it must consider factors outside of section 533 (he argued precisely the contrary), and the court did not refuse to consider any contention raised by Medal. The court affirmed that it had read the papers and heard Medal's argument, and it addressed each such argument, finding that "there is no material change of facts or the law, and that it would not be in the interest of justice to terminate or to shorten the length of the restraining order." Medal argues that it was error for the court to refuse to consider *other* factors. But Medal has not shown that the trial court refused to consider *any* factor.

Medal asserts that the trial court's decision "reflects an unawareness or misunderstanding of the full scope of its discretion." He contends the trial court demonstrated this lack of awareness when, after his counsel requested clarity about the meaning of the term "permanent" as it pertains to the restraining order, the court stated that "permanent" means "lifetime." Medal cites no authority and makes no argument explaining why this is error, or how it affected the outcome. Family Code section 6345, subdivision (a), provides that domestic violence restraining orders may be renewed "permanently." Even permanently renewed domestic violence restraining orders are subject to termination or modification under Family Code section 6345. There is no indication in the record that the trial court believed it

7

lacked discretion to modify or terminate the permanent restraining order when it denied Medal's motion.

## DISPOSITION

The trial court's August 31, 2022, order is affirmed.  Arnold is to recover his costs on appeal.


EVENSON, J.[*]


We concur:


FEUER, Acting P. J.


MARTINEZ, J.

---

[*]     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.